The opinion of the Court was delivered by
Tilghman C. J.
This cause comes before us on a case stated, to which I refer'for the material facts. The principal question is — whether the plaintiff, who was master of the ship Neptune, on a voyage from Philadelphia to Batavia, and back to Philadelphia, had a lien on the ship for his wages. The plaintiff contracted for his wages with Robert Wain, the owner, before the vessel sailed from Philadelphia. The defendants are but stakeholders, the money in their hands being held in trust for certain persons to whom Mr. Wain was largely indebted, and for whose use he executed a mortgage of the said ship Neptune, while on her voyage, to the defendants, with power to sell in case the debt was not paid in a certain time.
That the master has not-a lien on the ship for his wages, unless it is expressly so agreed with his owners, seems to be as *122 well settled as any principle of maritime law can be. But the mariners and the mate have a lien, and may libel the ship in admiralty for their wages. The reason is, that the master : , . , ,; . , contracts with the owners on their personal credit, but the mariners and mate contract with the master on the credit of the ship. I refer to the cases of Clay v. Sudgrave, 1 Salk. 33. Hook v. Moreton, 1 Raym. 397. Baily v. Grant, 1 Raym. 632. Wilkins et al. v. Carmichael, Dougl. 101. Smith v. Plummer, 1 Barn. & Ald. 575. Hussie v. Christie et al., 9 East. 426, and Abbot on Ship. 460 (London Edition.) I know of no authority or dictum to the contrary, except it be the case of Watkinson v. Bernadiston, 2 P. Wms. 367, cited by the counsel for the plaintiff. In the report of that case by Peers Williams, no mention is made of a lien for the master’s wages ; but in Mr. Coxe's note, where the case is stated as extracted from the register, it is said, that the Master of the Rolls held the captain’s and mariners' wages to be a lien on the ship. There may have been something peculiar in the contract between the captain and the owners, which, gave him a lien on the ship, in that case; otherwise the Master of the Rolls was clearly mistaken in the law. For an opinion, that, in general, the captain has a lien on the ship for his wages, would be contrary to all authority both before and since the case of Watkinson v. Bernadiston. As to its being in equity, that can make no difference, for this is a point on which law and equity must be the samé. But it is said, that, in the case before us, the plaintiff is at least entitled to recover from the mortgagees (the defendants) his wages for all the time that he commanded the ship, subsequent to the date of the mortgage. It certainly is a hard case on the plaintiff, who seems to have little chance of recovering from Mr. Wain ; but that cannot alter the law. Pie contracted with Mr. Wain, and there is no privity between him and the defendants'. If the ship had come to the actual possession of the defendants, and they had retained the plaintiff in their service without any particular contract, the law would have raised an assumption. But the kind of possession which was vested in the defendants by the mortgage and delivery of the ship’s documents, is not sufficient to make them responsible. The plaintiff still acted under his contract with Mr. Wain, and if the debt for which *123 the ship was mortgaged, had been paid at any time before or immediately after her arrival at Philadelphia, the property would have been revested in Mr. Wain. The case of Martin v. Paxton, decided by C. J. Abbot, (reported in 1 Holt on Shipping, 353) bears a strong resemblance to the one before us. It was there held, that the mortgagees of a ship, who were the registered owners, were not liable to a claim for wages by a sailor, though they accrued upon a voyage which was prosecuted for the benefit of the mortgagees,'and the ship’s freight and earnings during the voyage were, made over to them, Dy the same deed which conveyed the ship, as a security for advances. The reason assigned was, that the plaintiff'had made the contract on which he sued, with the mortgagor, (the master of the ship) and had given credit to him : he, therefore, and not the mortgagees, was liable.
The defendants have thrown no unnecessary impediments in the way of the plaintiff’s recovery. They have agreed to a fair and candid statement of the case, and are very willing to pay, if the Court shall think that the plaintiff is entitled to a recovery. But they have no right to give away the property of those persons for whom they act in trust. The plaintiff has done his duty, and acted faithfully, as master of the Neptune; audit would give me pleasure, if I could say that he is entitled to payment from this fund in the hands of the defendants. But this I cannot say, without setting a bad precedent, and breaking down established principles. I am of opinion that judgment should be entered for the defendants.
Judgment for the defendants.